**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TERRENCE TERRELL LINDSEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-00836-O-BP** |
| | § | |
| **THE STATE OF TEXAS,** *et al.,* | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On August 5, 2025, *pro se* Plaintiff Terrence Terrell Lindsey filed a Complaint alleging a variety of claims against nine Defendants. ECF No. 1. On August 27, 2025, the Court granted Lindsey permission to proceed *in forma pauperis* ("IFP"). ECF No. 7. So far, the Court has withheld service of process pending screening under 28 U.S.C. § 1915(e)(2). Having now screened Lindsey's Complaint, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** it **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2), except for claims against The State of Texas, the Office of Attorney General of Texas, and Warren Kenneth Paxton, Jr., which the Court should **DISMISS WITHOUT PREJUDICE**.

**I.      BACKGROUND**

Lindsey alleges that on June 30, 2020 at 6:00 p.m., Defendants The State of Texas, Tarrant County, Office of Attorney General State of Texas, Warren Kenneth Paxton, Jr., Dwain Downing, Thomas A. Wilder, and April Cherese Williams "caused damage and injury by Defrauding the United States Government in a joint effort to deceptively force Plaintiff to participate in . . . voluntary, reimbursable enrollment services under 42 U.S.C. [§] 658a." ECF No. 1 at 5. Lindsey accuses the Defendants of theft of his "individual funds," and specifically contends that Williams

"Et al" committed aggravated identify theft by applying for child support services in Lindsey's name. *Id.* at 6. Although his pleadings are difficult to discern, it appears that in broad strokes Lindsey takes issue with the enforcement of certain support obligations, arguing that "Clearfield Doctrine" and "the Separation of Powers Doctrine" prevent the executive branch of the Texas state government from enforcing his obligations. *Id.* at 6-7. He also alleges that later, on August 31, 2021, Defendants Shelley Ann Cooper and Cherami Joann Blaney Jenkins "finalized an unlawful judgment order for legal and physical custody and child support against" Lindsey and committed "extrinsic and intrinsic fraud due to the misrepresentation of a personal loan for child support enforcement reported on the Plaintiff's credit." *Id.* at 7-8 (internal quotation marks omitted).

Lindsey brings the present suit, alleging that Defendants failed to provide him due process of law, committed fraud, and committed various criminal offenses, including treason. *Id.* at 9-10.

## II.    LEGAL STANDARD

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP. Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the Court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To aid the Court in determining whether it should dismiss an *in forma pauperis* complaint, the Fifth Circuit has approved the use of questionnaires. *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985). A plaintiff's responses to such a questionnaire become part of the pleadings. *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an 'indisputably meritless legal theory.'" *McCollum v. Lewis*, 852 F. App'x 117, 121 (5th Cir. 2021) (quoting *Neitzke*, 490 U.S. at 327).

Further, to state a viable claim for relief, Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). To be entitled to relief, the complaint must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atl. Corp.*, 550 U.S. at 555). Additionally, Federal Rule of Civil Procedure 9(b) provides for a heightened pleading standards for allegations of fraud, requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Courts shall "liberally construe pleadings filed by *pro se* litigants." *Torres v. Goldstein*, No. 3:24-cv-1843-B-BK, 2024 WL 4530027, at *2 (N.D. Tex. Sept. 24, 2024), *rec. accepted*, 2024 WL 4530137 (N.D. Tex. Oct. 17, 2024). However, a court is "not at liberty to create a cause of action where there is none." *Cledera v. United States*, 834 F. App'x 969, 972 (5th Cir. 2021). Generally speaking, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, courts are not required to grant leave to amend where "an amendment would be futile." *Cledera*, 834 F. App'x at 972. An incurable defect may arise when a complaint's facts are "not actionable as a matter of law." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In such situations, dismissal with prejudice is appropriate. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

3

### III.    ANALYSIS

Lindsey's Complaint alleges that Defendants "were negligent in their actions and/or omissions which caused [him] injury." ECF No. 1 at 9. These actions allegedly "caused injury in, but not limited to" the following ways: (1) failing to provide Lindsey his right to due process of law; (2) violations of 18 U.S.C. §§ 514 and 1001, (3) entering false claims against Lindsey without proof of injury in violation of 31 U.S.C. § 3729(B)(4); (4) aggravated identity theft; (5) overt acts of treason; (6) violation of the separation of powers; (7) violation of the 1970 R.I.C.O. act; (8) extrinsic fraud; and (9) intrinsic fraud. *Id.* at 9-10.

Lindsey seeks to recover compensatory damages "in excess" of $45 million, punitive damages, and the "full restoration of parental rights, both legal and physical custody of [his] minor child and dismissal of all prior lower court judgments." *Id.* at 11-13.

#### A.    The Eleventh Amendment bars Lindsey's claims against the State of Texas, the Office of the Attorney General of Texas, and Attorney General Warren Kenneth Paxton, Jr.

First, the claims Lindsey brings against the State of Texas are barred. Under the Eleventh Amendment of the United States Constitution, states may not be sued in federal court unless they unequivocally consent to the suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *see also* U.S. CONST. amend. XI. Because the Office of the Attorney General of Texas ("OAG") is an agency of the State of Texas, it too cannot be sued in the absence of a waiver from the State. *McLaurin v. Off. of Att'y Gen., Child Support Div.*, No. 4:19-cv-00044-O-BP, 2019 WL 4452248, at *2 (N.D. Tex. Aug. 30, 2019), *rec. accepted*, 2019 WL 4447383 (N.D. Tex. Sept. 16, 2019). Likewise, Eleventh Amendment immunity extends to

state officials if the relief sought would operate against the state. *Pennhurst*, 465 U.S. at 101. The Attorney General ("AG") is one such state official.

Although Lindsey does not specifically state in what capacity he sues the AG, he makes his claims against him as Attorney General of Texas, which is in his official capacity. Lindsey has stated no facts and made no claim against the AG in his individual capacity. To the extent he makes claims against the AG in his official capacity for damages, the Eleventh Amendment provides immunity.

There are three possible exceptions to Eleventh Amendment immunity: (1) for claims seeking injunctive or declaratory relief against a state official under *Ex Parte Young*, 209 U.S. 123 (1908); (2) a state's waiver or consent, *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267 (1997); and (3) Congress's abrogation of the state's immunity through section 5 of the Fourteenth Amendment. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 364 (2001).

But Lindsey does not seek injunctive relief against the Attorney General. *See generally* ECF No. 1; *see id.* at 11-13. Likewise, the other two exceptions to Eleventh Amendment immunity are not applicable. Lindsey has not directed the Court to authority establishing that the state of Texas has waived immunity or consented to suit in this case, and the Court is aware of no such authority. Finally, Lindsey has not advanced any theory or directed the Court to any authority establishing that Congress has abrogated the state of Texas' immunity for any of the statutes for which Lindsey raises an actionable claim. *See also Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D. Tex. 1996) ("Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1982, and 1985."); *United States ex rel. Foulds v. Tex. Tech Univ.*, 171 F.3d 279, 294 (5th Cir. 1999) (the Eleventh Amendment bars 31 U.S.C. § 3729 claims against states).

Because "federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it," *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (cleaned up), and Lindsey has failed to identify an exception to sovereign immunity that would allow his lawsuit against the State of Texas, the OAG, or the AG to proceed, the Court lacks subject matter jurisdiction over such claims. They should be dismissed without prejudice. *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).

**B.      Lindsey's claims under Title 18 of the United States Code (including his claims for aggravated identity theft and RICO violations) are not actionable.**

Lindsey asserts that unspecified Defendants violated certain provisions of Title 18 of the United States Code, including the "1970 R.I.C.O. Act." ECF No. 1 at 9-10. He also alleges that unnamed Defendants committed aggravated identity theft. *See id.* at 6, 9; *see also* 18 U.S.C. § 1028A ("Aggravated identity theft").

But because these statutes are part of the federal criminal code, they are not actionable by Lindsey, a civil plaintiff. The law is settled that there is no private right of action for violations of criminal statutes. *E.g.*, *Williams v. Cintas Corp.*, No. 3:07-cv-0561-M-BD, 2007 WL 1295802, at *2 (N.D. Tex. Apr. 10, 2007), *rec. adopted*, No. 3:07-cv-0561-M-BD, 2007 WL 1300780 (N.D. Tex. May 2, 2007); *Back v. UTMB*, No. 6:15-cv-129, 2016 WL 9455135, at *2 (W.D. Tex. Apr. 7, 2016) ("Courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action."); *see also Sanchez v. Glob. Lending Servs.*, No. 4:23-cv-01101-O-BP, 2024 WL 1076827, at *5 (N.D. Tex. Feb. 22, 2024), *rec. accepted*, 2024 WL 1781839 (N.D. Tex. Apr. 24, 2024) (a civil plaintiff may not enforce 18 U.S.C. § 1028A).

Lindsey also alleges that Defendants violated the "1970 R.I.C.O. ACT." *See, e.g.*, ECF No. 1 at 10, and while it is true that 18 U.S.C. § 1964(c) creates a private right of action for a violation of § 1962, the statute only permits suit where "[a]ny person [is] injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1962(c). Lindsey pleads no facts that would support a potential claim under this definition.

### C.    Lindsey's claim under 31 U.S.C. § 3729(B)(4) does not exist, and Lindsey does not state a claim under the False Claims Act (or any fraud).

Lindsey next asserts that Defendants "[e]nter[ed] false claims against [him] without proof of injury pursuant to **31 U.S.C. § 3729(B)(4); False Claims Act**." ECF No. 1 at 9 (emphasis in original). Title 31 U.S.C. § 3729 has four subsections: (a), (b), (c), and (d), but not (B). If the Court construes Lindsey's complaint to allege a violation of 31 U.S.C. § 3729(b)(4), that likewise is unavailing. This is because 31 U.S.C. § 3729(b)(4) is merely a definition: "(4) the term 'material' means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4).

So, it appears clear that Lindsey misnamed the statutory section he seeks to allege a violation of, but the Court is unable to ascertain which part of 31 U.S.C. § 3729 Lindsey meant to name in its place. Perhaps Lindsey meant to allege a violation of subparagraph (B) of 31 U.S.C. § 3729(a)(1), which establishes liability for any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." *Id.* § 3729(a)(1)(B). But Lindsey does not say as much.

Lindsey's False Claims Act claim is independently unavailing because it does not satisfy Federal Rule of Civil Procedure 9(b). *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003) ("Claims brought under the FCA [False Claims Act] must comply with Federal

Rule of Civil Procedure 9(b), which requires pleading with particularity in cases alleging fraud.");

*see also* Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Id.* (citing *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Lindsey plainly does not satisfy this burden. He does not explain how Defendants' alleged "false[] report[]" of a "personal loan for child support enforcement" was indeed false or otherwise a "misrepresentation." ECF No. 1 at 8. Because "[t]he time, place and contents of the false representation[] . . . and what [the person making the representation] obtained thereby' must be stated in a complaint alleging violation of the FCA," a complaint that lacks these required details is properly dismissed. *See Dow Chem. Co.*, 343 F.3d at 329-30.

For the same reasons, Lindsey's freewheeling allegations of intrinsic and extrinsic fraud also fail. His complaint offers little indication of how any alleged fraud occurred in this case, much less the heightened level of detail required by the Federal Rules. Given the deficiencies in Lindsey's complaint, the Court should dismiss Lindsey's claim under the False Claims Act and claims for fraud.

### D.   The Court should dismiss Lindsey's claims for a violation of the Separation of Powers Doctrine and for treason.

Lindsey also alleges that Defendants violated the Separation of Powers Doctrine and committed treason. Lindsey brings these challenges independently of his due process claim, and he does not allege particular personal constitutional harm stemming from Defendants' alleged behavior. *See* ECF No. 1 at 6-7. But setting aside whether Lindsey even has standing to make these challenges, there can be no violation of the Separation of Powers Doctrine when, as here, the claims involve only state branches of government. *Webb v. Quarterman*, No. 3:08-cv-5960-L,

2008 WL 4966715, at *3 (N.D. Tex. Nov. 20, 2008) (citing *Baca v. Owens*, 293 F. App'x 247, 250 (5th Cir. 2008)). Likewise, the Court finds that Lindsey's unmoored allegations of treason are "clearly baseless, irrational, or wholly incredible, requiring dismissal of the complaint with prejudice." *Henderson v. Six Flags Over Tex.*, No: 3-23-cv-1310-D-BN, 2023 WL 5167026, at *1 (N.D. Tex. July 12, 2023), *rec. accepted*, 2023 WL 5311483 (N.D. Tex. Aug. 17, 2023) (finding the same for a claim of treason).

### E.        The statute of limitations bars Lindsey's claim under 42 U.S.C. § 1983.

Finally, Lindsey alleges that Defendants "[f]ail[ed] to provide [him] [] due process of law." ECF No. 1 at 9. The Court liberally construes this allegation to assert a claim under 42 U.S.C. § 1983. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Because there is no specific statute of limitations for § 1983 claims, the Supreme Court has instructed courts to look to the most analogous state statute of limitations. *Owens v. Okure*, 488 U.S. 235, 239-40 (1989).

In Texas, this is the statutory two-year personal-injury limitations period. *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001) (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)); *see also* Tex. Civ. Prac. & Rem. Code § 16.003. The limitations period begins to run when the cause of action accrues, which is when the plaintiff knows or has sufficient information to know that he has suffered an injury. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002).

Lindsey filed his complaint on August 5, 2025. ECF No. 1. Therefore, some acts or omissions of the Defendants must have occurred on or after August 5, 2023 for any § 1983 claim to be timely filed. Because Lindsey does not invoke any argument that the Court should equitably

toll the limitations period, limitations would bar claims related to any events that occurred before August 5, 2023.

Inarguably, all the events Lindsey describes occurred in either 2020 or 2021. *See generally* ECF No. 1. As a result, to the extent he relies on any of the facts in his complaint to state a § 1983 claim, he is unsuccessful. The statute of limitations clearly bars any § 1983 claim premised on the events Lindsey describes, and therefore the Court should dismiss his § 1983 claim against all non-sovereign Defendants.

### F.      Dismissal without leave to amend

It is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Nonetheless, courts may appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged his best case. *Jones*, 188 F.3d at 327. Lindsey brings various claims, almost all of which are non-actionable, barred by sovereign immunity, barred by the applicable statute of limitations, or patently frivolous. Where those claims are actionable and not barred, Lindsey's factual allegations are insufficient to survive dismissal. Because Lindsey has pleaded his best, though legally insufficient, case, the Court should dismiss his Complaint without leave to amend, except for his claim against The State of Texas, the OAG, and the AG, which the Court should dismiss without prejudice.

## IV.      CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** Lindsey's claims against the State of Texas, the Office of the Attorney General of Texas, and Texas Attorney General Warren Kenneth Paxton, Jr. **WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and **DISMISS** the balance of Lindsey's

complaint **WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district 6 court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on February 25, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

11